UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EADES,

    Plaintiff,

v.                                        Case No. 14-13092

UNITED STATES OF AMERICA,

    Defendant.
                                           /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THE CASE WITHOUT PREJUDICE**

On March 28, 2014, Plaintiff filed a tort action in the 36th District Court for the State of Michigan against Stephan A. Webber, alleging that Plaintiff's vehicle was hit from behind due to a traffic light that was not working. (Dkt. # 1, Pg. ID 7.) Webber was an employee of the United States acting within the scope of his employment at the time of the alleged conduct. (Dkt. # 1, Pg. ID 5.) On August 12, 2014. The government removed the case to this court (Dkt. # 1, Pg. ID 1) and filed a notice of substitution as defendant. (Dkt. # 2, Pg. ID 8.) The court issued an order substituting the government as defendant and dismissing Webber as a party on August 19, 2014. (Dkt. # 3, Pg. ID 12.)

On August 19, 2014, the government filed a Rule 12(b)(1) motion to dismiss for lack fo subject matter jurisdiction on the ground that Plaintiff James Eades had not exhausted the administrative remedies required under 28 U.S.C. § 2675(a). Under the briefing schedule imposed by the court's September 1, 2014 Notice of Determination of Motion Without Oral Argument, the deadline for Plaintiff to file a response in opposition to the government's motion was September 19, 2014. (Dkt. # 5, Pg. ID 29.) Plaintiff

failed to file a response by the deadline, nor did he seek an extension from the court. For the reasons stated below, the motion to dismiss will be granted.

## I. STANDARD

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990); *see also Beil v. Lake Erie Corr. Records Dept.*, 282 F. App'x 363, 365 (6th Cir. 2008 (same).  To survive a motion to dismiss for lack of subject matter jurisdiction, a plaintiff asserting a claim against the United States must identify a waiver of sovereign immunity.  *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

## II. DISCUSSION

Plaintiff has failed to carry his burden of identifying a statutory provision that waives the government's sovereign immunity from the instant action.  Furthermore, Plaintiff has not shown that he has exhausted his administrative remedies under the Fedearl Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  "The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies."  *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").   The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim*

*shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis added).

The government asserts that Plaintiff filed an administrative claim with the appropriate administrative agency on or about July 18, 2014, but the agency has not yet decided whether or not to deny plaintiff's claim. (Dkt. # 4, Pg. ID 20-21.) Plaintiff has failed to respond to the government's motion to dismiss demonstrating that he exhausted his administrative remedies before instituting the instant claim. Accordingly, Plaintiff has not shown that the United States waived its sovereign immunity as to Plaintiff's claim, and the court will dismiss the complaint for lack of subject matter jurisdiction.

### III. CONCLUSION

IT IS ORDERED that Defendant's motion to dismiss (Dkt. # 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff James Eades' complaint is DISMISSED WITHOUT PREJUDICE.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: October 13, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 13, 2014, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522